UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHESTER CURTIS MERIWETHER,

      Petitioner,

                                CIVIL NO. 2:19-CV-12980

v.                                HONORABLE LINDA V. PARKER

WILLIS CHAPMAN,

      Respondent.

_____/

**OPINION & ORDER (1) GRANTING MOTION TO DISMISS (ECF NO. 12); (2) DISMISSING THE PETITION FOR WRIT OF HABEAS CORPUS (ECF NOS. 1, 6); (3) DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY; AND (4) DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Chester Curtis Meriwether, confined at the Thumb Correctional Facility in Lapeer, Michigan, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.  (ECF Nos. 1, 6.)  Petitioner challenges his conviction for armed robbery, Mich. Comp. Laws § 750.529.  Respondent filed a Motion to Dismiss the petition on the ground that it was not timely filed in accordance with the statute of limitations contained in 28 U.S.C. § 2244 (d)(1).  (ECF No. 12.) Petitioner responded to the Motion to Dismiss.  (ECF Nos. 14, 15.)[1]  For the reasons stated below, the Court grants Respondent's Motion to Dismiss.

---

[1] The Court construes ECF No. 15 as a supplemental response brief.

1

## I.  BACKGROUND

Petitioner was convicted following a trial in the Wayne County Circuit Court.  Direct review of Petitioner's conviction ended in the state courts on March 7, 2017, when the Michigan Supreme Court denied Petitioner's application for leave to appeal following the affirmance of his conviction by the Michigan Court of Appeals.  *People v. Meriwether*, 890 N.W.2d 663 (Mich. 2017).

Petitioner filed a post-conviction motion for relief from judgment with the state trial court on June 8, 2018.  (*See* ECF No. 13-1 at Pg. ID 99.)  After the trial court and the Michigan Court of Appeals denied Petitioner post-conviction relief, collateral review of Petitioner's conviction ended in the Michigan courts on September 30, 2019, when the Michigan Supreme Court denied Petitioner leave to appeal the denial of his post-conviction motion.  *People v. Meriwether*, 933 N.W.2d 291 (Mich. 2019).

On October 7, 2019, Petitioner filed his habeas petition with this Court.[2]

## II.  DISCUSSION

In the statute of limitations context, "dismissal is appropriate only if a complaint clearly shows the claim is out of time."  *Harris v. New York*, 186 F.3d

---

[2] Pursuant to the prison mailbox rule, this Court will assume that Petitioner filed his habeas petition on October 7, 2019, the day that it was signed and dated.  *See Towns v. U.S.,* 190 F. 3d 468, 469 (6th Cir. 1999).

243, 250 (2nd Cir. 1999); *see also Cooey v. Strickland,* 479 F.3d 412, 415-16 (6th

Cir. 2007); *Elliott v. Mazza*, No. 18-6106, 2019 WL 1810920, at * 1-2 (6th Cir.

Jan. 8, 2019) (denying petitioner's request for a certificate of appealability where

the district court properly dismissed petition on statute-of-limitations grounds

under Habeas Rule 4).

The Antiterrorism and Effective Death Penalty Act ("AEDPA") imposes a

one-year statute of limitations upon petitions for habeas relief:

(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of—

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C)   the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

3

Although not jurisdictional, the AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *See Akrawi v. Booker*, 572 F. 3d 252, 260 (6th Cir. 2009).

On Petitioner's direct appeal, the Michigan Supreme Court denied Petitioner's application for leave to appeal on March 7, 2017. However, the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) did not start running on that day. Where a state prisoner has sought direct review of his conviction in the state's highest court but never files a petition for certiorari with the United States Supreme Court, the one-year limitation period for seeking habeas review under 28 U.S.C. § 2244(d)(1) begins to run not on the date that the state court entered judgment against the prisoner, but on the date that the 90-day time period for seeking certiorari with the United States Supreme Court expires. *See Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Petitioner's judgment became final on June 5, 2017, when he failed to file a petition for writ of certiorari with the United States Supreme Court. *Thomas v. Straub*, 10 F. Supp. 2d 834, 835 (E.D. Mich. 1998). Absent state collateral review, Petitioner would have been required to file a petition for writ of habeas corpus with this Court no later than June 5, 2018 in order for the petition to be timely filed. *See Corbin v. Straub,* 156 F. Supp. 2d 833, 836 (E.D. Mich. 2001).

4

In his supplemental response brief, Petitioner urges the Court to find that his habeas petition was filed well before October 7, 2019 and within the one-year window.  Attached to the supplemental response brief is a declaration in which Petitioner

> declare[s] under the penalty of perjury that on June 1, 2018, [he] mailed a copy of a Petition for a Writ of Habeas Corpus to the United States District Court, Eastern District of Michigan, by placing the papers in the hands of the prison authorities [] at the Thumb Correctional Facility, with postage prepaid, for depositing in the institution's internal mailing system.

(ECF No. 15 at Pg. ID 562.)  Notably however, in the habeas petition filed with this Court on October 2, 2019 (which Petitioner signed and declared under penalty of perjury that its contents were true and correct), when asked if he had "previously filed any type of petition, application, or motion in a federal court regarding the conviction that [Petitioner] challenge[s] in [the] petition," Petitioner responded, "[n]o."  (ECF No. 1 at Pg. ID 11.)  When asked if he has "any petition or appeal [then] pending (filed and not decided yet) in any court, either state or federal, for the judgment [Petitioner] [was] challenging," Petitioner responded, "[n]o."  (*Id.*)

Moreover, the Sixth Circuit has held that "[s]ubmission to prison authorities may be evidenced by a certificate of service or by signing a motion under penalty of perjury."  *See Wampler v. Mills*, 60 F. App'x 594, 596 (6th Cir.2003) (citation omitted) ("As Wampler signed the habeas petition on February 28, 2001, and under penalty of perjury, the date indicates that Wampler relinquished control of

the habeas petition to prison authorities on that date."); *Towns*, 190 F.3d at 469 ("Although Towns's motion does not contain a certificate of service, he signed the motion under the penalty of perjury on April 23, 1997.  This indicates that he delivered the motion to prison mailroom personnel before the April 24, 1997, deadline."); *Anderson v. United States*, 39 F. App'x 132, 135-36 (6th Cir. 2002).  Here, Petitioner has not presented the Court with either a certificate of service signed and dated on June 1, 2018 or a copy of a habeas petition signed under penalty of perjury on June 1, 2018.  Based on the record before it, the Court declines to find that the habeas petition at bar was filed prior to October 7, 2019.

Petitioner filed a post-conviction motion with the state courts on June 8, 2018—again, after the one-year limitations period expired.  A state court post-conviction motion that is filed after the limitations period expired does not toll that period pursuant to 28 U.S.C. § 2244(d)(2) because there is no period left to be tolled.  *See Jurado v. Burt*, 337 F.3d 638, 641 (6th Cir. 2003); *see also Hargrove v. Brigano*, 300 F.3d 717, 718, n.1 (6th Cir. 2002); *Smith v. Meko*, 709 F. App'x 341, 345 (6th Cir. 2017) (concluding that limitations period was not tolled by his state collateral attack that was filed after AEDPA one-year limitations expired).  Because Petitioner did not file his Petition for Writ of Habeas Corpus or post-conviction motion with the state courts by June 5, 2018, the petition is untimely.

The AEDPA's statute of limitations "is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010).  A habeas petitioner is entitled to equitable tolling "only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" and prevented the timely filing of the habeas petition.  *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  Petitioner is not entitled to equitable tolling of the one-year limitations period because he failed to argue or show that the facts of this case support equitable tolling.  *See Giles v. Wolfenbarger,* 239 F. App'x 145, 147 (6th Cir. 2007).

The one-year statute of limitations may be equitably tolled if the petitioner can make a credible showing of actual innocence under the standard enunciated in *Schlup v. Delo,* 513 U.S. 298 (1995).  *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).  The Supreme Court cautioned that "tenable actual-innocence gateway pleas are rare."  *Id.*  "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt."  *Id.* (quoting *Schlup*, 513 U.S. at 329).  For an actual innocence exception to be credible under *Schlup*, such a claim requires a habeas petitioner to support his or her allegations of constitutional error "with new reliable evidence—whether it be

7

exculpatory scientific evidence, trustworthy eyewitness accounts, or critical

physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Petitioner's case falls outside of the actual innocence tolling exception,

because he presented no new, reliable evidence to establish that he was actually

innocent of the crime charged. *See Ross v. Berghuis,* 417 F.3d 552, 556 (6th Cir.

2005). Although Petitioner argues in both his original and amended petitions and

again in his response brief that the evidence at trial was insufficient to convict him

of armed robbery (*see* ECF No. 1 at Pg. ID 6-7; ECF No. 6 at Pg. ID 30-33, 49-52;

ECF No. 14 at Pg. ID 555), this does not establish Petitioner's innocence, so as to

toll the limitations period. For purposes of tolling the limitations period, "actual

innocence means factual innocence, not mere legal insufficiency." *Souter v. Jones,*

395 F.3d 577, 590 (6th Cir. 2005) (quoting *Bousley v. United States*, 523 U.S. 614,

623 (1998)). Any insufficiency of evidence claim cannot be considered by this

Court in determining whether an actual innocence exception exists for purposes of

tolling the statute of limitations period. *Redmond v. Jackson,* 295 F. Supp. 2d 767,

773 (E.D. Mich. 2003); *Grayson v. Grayson,* 185 F. Supp. 2d 747, 752 (E.D. Mich.

2002).

### III. CONCLUSION

Based on the foregoing analysis, the Court concludes that Petitioner failed to

file his habeas petition within the one-year limitations period established by 28

U.S.C. § 2244(d) and the statute of limitations precludes federal review of the petition. Accordingly, the Court will grant Respondent's Motion to Dismiss.

Before Petitioner may appeal this Court's dispositive decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal district court denies a habeas claim on procedural grounds without addressing the claim's merits, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the matter, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed. In such a case, no appeal is warranted. *Id.*

After conducting the required inquiry and for the reasons stated herein, the Court is satisfied that jurists of reason would not find the Court's procedural ruling debatable.  Accordingly, the Court declines to issue a certificate of appealability. The Court also denies Petitioner leave to appeal *in forma pauperis* because the appeal would be frivolous.  *Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

Accordingly,

**IT IS ORDERED** that Respondent's Motion to Dismiss (ECF No. 12) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Petition for a Writ of Habeas Corpus (ECF Nos. 1, 6) is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that leave to appeal *in forma pauperis* is **DENIED** and the Court **DECLINES** to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA  V. PARKER
U.S. DISTRICT JUDGE

Dated: March 29, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, March 29, 2021, by electronic and/or

U.S. First Class mail.

s/ R. Loury
Case Manager